UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JON OSENKO,**<br><br>  Plaintiff,<br><br>  v.<br><br>**NEW JERSEY RE-INSURANCE CO.,** *et al.*,<br><br>  Defendants. | Civil Action No. 13-7548 (JAP)(LHG)<br><br>**REPORT & RECOMMENDATION** |

This matter has been opened by the Court *sua sponte* as a result of Plaintiff's failure to comply with this Court's orders. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

I.  BACKGROUND AND PROCEDURAL HISTORY

On December 13, 2013, Plaintiff filed this matter against New Jersey Re-Insurance Company ("Defendant") alleging breach of a flood insurance contract in the aftermath of Hurricane Sandy.[1] Complaint [Docket Entry No. 1]. Defendant filed an Answer on April 30, 2014. [Docket Entry No. 4]. The Court entered Hurricane Sandy Case Management Order No. 1 (the "HSCMO") on May 1, 2014. [Docket Entry No. 6]. In accordance with the HSCMO, fact discovery was to be completed by no later than August 29, 2014. *See* HSCMO § 4 (requiring that "all pretrial discovery be completed within one hundred and twenty (120) days from entry of the HSCMO").

On May 2, 2014, the Court scheduled a telephonic conference for August 1, 2014 (the "August 1 Conference"). The parties were required to submit a joint status report in advance of

---

[1] The Complaint also named FEMA and the FEMA director, both of which were dismissed on April 1, 2014. [Docket Entry No. 6].

1

the August 1 Conference.  *See* HSCMO ¶ 12.  On July 29, 2014, the undersigned received a report from Defendant, advising the Court that Plaintiff was delinquent in responding to Defendant's interrogatories and requests for production (the "July 29 Report").  The report also informed the Court that documents were requested at the July 21, 2014 deposition of Plaintiff, but that Defendant had yet to receive responses to those requests.  Plaintiff did not contribute to the July 29 Report despite defense counsel's requests.

The undersigned discussed the outstanding discovery during the August 1 Conference.  The Court ordered Plaintiff to produce all remaining documents by no later than August 8, 2014.  In accordance with the schedule agreed to during the August 1 Conference, the parties were to complete all discovery by no later than September 30, 2014, and this matter would be referred to mediation on or about September 30, 2014.  In addition, the Court scheduled a Final Pretrial Conference for November 18, 2014.  These Orders were reflected in the August 11, 2014 Pretrial Scheduling Order (the "August 11 Order").  [Docket Entry No. 9].

On October 10, 2014, the parties jointly requested an adjournment of the mediation as well the Final Pretrial Conference (the "October 10 Request").  [Docket Entry No. 12].  According to the October 10 Request, Plaintiff had not yet produced documents in response to Defendant's supplemental requests made at Plaintiff's July 21, 2014 deposition or Defendant's second supplemental request made on August 1, 2014.  Although Plaintiff had represented that he intended to rely on experts, as of the October 10 Request he had not yet designated any.

On October 15, 2014, the Court issued an Order to Show Cause, requiring Plaintiff to show cause why this suit should not be dismissed as a result of his failure to comply with the HSCMO and the August 11 Order  (the "Order to Show Cause").  [Docket Entry No. 13].  Plaintiff was ordered to file a response by no later than October 21, 2014.  Plaintiff did not

submit any response to the Order to Show Cause, nor has he otherwise responded to the issues raised by defense counsel or the Court.

II.     ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders, or otherwise prosecute a case.  See FED. R. CIV. P. 37(b)(2), 41(b).  Where such failures have occurred, dismissal may be an appropriate penalty. *Id*.  In determining whether to impose an order of dismissal as a sanction for discovery violations, courts consider the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Pursuant to the mandates of the HSCMO, Plaintiff was required to provide Defendant with "[a]ll documents supporting or evidencing the claimed loss . . ." and to complete fact discovery by no later than August 29, 2014.  See HSCMO § 4(a)(ii)(1) (establishing a 120-day timeframe for the completion of discovery).  During the August 1 Conference, the undersigned instructed Plaintiff to provide Defendant with all outstanding documents by August 8 and to

3

complete all discovery by no later than September 30, 2014. *See also* the August 11 Order. These dates were set with counsel's participation and agreement. Plaintiff has not disputed that these Orders were violated, nor has Plaintiff advised the Court that the production has been made, even if untimely. The record, however, is unclear whether the fault lies with Plaintiff, his counsel, or some combination of the two. As such, the Court finds this factor to be neutral.

Since initiating this action, Plaintiff has done little to move this case forward. This is evident in his failure to engage in the discovery and mediation processes in any meaningful manner and their violation of Court's Orders. This misconduct has prejudiced Defendant by inhibiting its ability to defend against this action and to attempt to resolve this matter amicably, therefore satisfying the second *Poulis* factor, which weighs in favor of dismissal of this matter. *See, e.g., Payamps v. Huan Le*, Civ. Act. No. 12-7021, 2013 WL 6326379, at *3 (D.N.J. Dec. 4, 2013) (citations omitted) (adopting the report and recommendation of the Magistrate Judge).

In the July 29 Letter and during the August 1 Conference, with approximately one month remaining before the close of fact discovery, it became apparent that Plaintiff had not responded to Defendant's requests and supplemental requests for production of documents. Accordingly, the Court imposed additional deadlines to facilitate the timely completion of discovery. These deadlines were memorialized in the August 11 Order. In spite of these deadlines, Plaintiff did not timely provide Defendant with the required documents. Further, Plaintiff was given the opportunity to submit a position statement in response to the Order to Show Cause explaining the failure to comply with the Court Orders but failed to do so. Taken as a whole, this conduct is indicative of a pervasive pattern of delay. As such, the third factor supports the dismissal of his claims with prejudice.

As detailed above, Plaintiff has systematically ignored Orders and deadlines of which he or his counsel was undoubtedly aware.  This pattern of neglect supports a finding that the conduct has been willful.  The undersigned therefore finds that the fourth *Poulis* factor supports the dismissal of this matter with prejudice.

The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile.  Plaintiff failed to timely respond to Defendant's requests for production of documents and did not contribute to what should have been a joint submission.  Indeed, despite being faced with an Order to Show Cause that explicitly threatened the dismissal of his case, Plaintiff failed to submit a response.  On the facts presented here, the Court finds that no lesser sanction would be effective.  *See Jackson Hewitt Inc. v. Larson & Savage, Inc.*, 2014 WL 4384535, at *3 (D.N.J. Sept. 2, 2014)  (non-participation sufficient indicative that alternative sanctions would not be effective).

In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.  Accordingly, the Court finds this factor to be neutral.

Under these circumstances, the undersigned concludes that dismissal of Plaintiff's claims with prejudice is warranted.  Plaintiff voluntarily filed this case.  After doing so, he essentially failed to take any steps towards advancing this matter to trial.  Plaintiff disobeyed this Court's Orders, including the HSCMO, the August 11 Order, and the Order to Show Cause, which warned of the possible dismissal of the action.  Plaintiff's actions in this regard demonstrate a pattern of non-compliance with his obligations under the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's Orders, as well as an utter disregard for the burdens imposed upon Defendant and the Court.  As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

III.     Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors; and for good cause shown,

IT IS on this 22nd day of December, 2014,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.


Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations.

**LOIS H. GOODMAN**
**United States Magistrate Judge**